SUMMARY ORDER

Petitioner Mei Yun Ni, a citizen of China, seeks review of an August 1, 2008 order of the Board of Immigration Appeals (“BIA”) affirming Immigration Judge (“IJ”) Philip L. Morace’s October 24, 2006 decision denying Ni’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Mei Yun Ni, No. A200 031 128 (B.I.A. Aug. 1, 2008), aff'g No. A200 031 128 (Immig. Ct. N.Y. City Oct. 24, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
As an initial matter, because Ni’s brief does not challenge the agency’s denial of her request for CAT relief based on her claim that she will be tortured in China for illegally departing the country, we deem any such argument waived. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
We find no error in the BIA’s conclusion that Ni failed to demonstrate that she was eligible for asylum. The agency correctly concluded that, while credible, Ni’s testimony failed to establish that she was eligible for asylum on the basis of “other resistance” to China’s coercive family planning policies. See 8 U.S.C. § 1101(a)(42). Ni argues that she demonstrated “other resistance” to the coercive family planning policy as a seven-year old by hanging on to her mother’s leg when family planning officials dragged her mother away for a forced sterilization. However, even if her acts constituted resistance to the family planning policy, Ni offered no evidence that *661 she suffered any persecution at the hands of the officials. See id; see also Tao Jiang v. Gonzales, 500 F.3d 137, 140-41 (2d Cir.2007).
The agency also correctly determined that Ni failed to demonstrate an objectively reasonable fear of future persecution. A fear is not objectively reasonable if it lacks “solid support” in the record and is merely “speculative at best.” Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). Ni argues that her mother’s sterilization and the psychological problems that resulted from Ni witnessing the family planning officials drag her mother away are evidence that Ni has a well-founded fear of sterilization. Ni, however, failed to offer any evidence that she is likely to be sterilized or otherwise persecuted if she returns to China. Thus, her fear of future persecution lacks the “solid support” in the record necessary for it to be objectively reasonable. Jian Xing Huang, 421 F.3d at 129.
Finally, because Ni was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Gomez v. INS, 947 F.2d 660, 665 (2d Cir.1991).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).